******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TANYA ZAPPOLA *v.* DOMINICK ZAPPOLA, JR.
(AC 36725)

Sheldon, Keller and Norcott, Js.

*Submitted on briefs May 20—officially released August 4, 2015*

(Appeal from Superior Court, judicial district of New Haven, Munro, J.)

*James F. Cirillo, Jr.*, filed a brief for the appellant (defendant).

*Robert K. Walsh* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant in this marriage dissolution action, Dominick Zappola, Jr., appeals from the judgment of the trial court rendered in part in favor of the plaintiff, Tanya Zappola, on the plaintiff's postjudgment motion for contempt. On appeal, the defendant claims that (1) the court lacked subject matter jurisdiction over the parties' dissolution judgment, which was rendered in New York and subsequently domesticated in Connecticut; (2) the court lacked personal jurisdiction over him because, inter alia, he resides in New York; (3) the court improperly determined that the parties' prenuptial agreement was not valid and enforceable;[1] (4) the court improperly denied his request for a stay or a judgment of dismissal due to the pendency of bankruptcy proceedings involving the subject property; and (5) the court improperly determined that his failure to pay sums due under the dissolution judgment in favor of the plaintiff constituted wilful contempt. The defendant's brief is inadequate, and, thus, we decline to review his claims. Accordingly, we affirm the judgment of the trial court.

A New York court rendered judgment dissolving the parties' marriage in July, 2007, and entered related financial orders. On September 23, 2009, the plaintiff filed a motion for contempt in the Superior Court for the judicial district of New Haven, seeking enforcement of the financial orders.[2] On October 23, 2009, the defendant filed a motion to dismiss, in which he argued that the court lacked personal jurisdiction over him and lacked subject matter jurisdiction over the plaintiff's motion for contempt. On September 8, 2010, the trial court, *Hon. James G. Kenefick, Jr.*, judge trial referee, held a hearing on the defendant's motion to dismiss, and subsequently denied the motion. On September 25, 2013, the defendant filed a second motion to dismiss. Thereafter, the court, *Munro, J.*, rendered judgment for the plaintiff in part,[3] denying the defendant's second motion to dismiss on the ground that it was a "rehash of the [first] motion and facts that were before Judge Kenefick in 2010," finding the defendant in contempt of the New York judgment, and entering additional financial orders to enforce that judgment. The defendant subsequently filed this appeal.

Practice Book § 67-4 prescribes the required components of an appellant's brief. It is necessary to this court's review of a party's claims on appeal that his brief contain, inter alia, argument and analysis regarding the alleged errors of the trial court, with appropriate references to the facts bearing on the issues raised. See Practice Book § 67-4 (d). The defendant's brief is completely devoid of those required components.

"It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consis-

tently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Clelford* v. *Bristol*, 150 Conn. App. 229, 233, 90 A.3d 998 (2014).

The defendant has presented this court with an inadequate brief. Accordingly, we decline to review the claims raised in the defendant's appeal.

The judgment is affirmed.

[1] Although the defendant claims that the court determined that the prenuptial agreement was not valid and enforceable, our review of the court's memorandum of decision reveals the court concluded that there was no pending matter that required the court to interpret the agreement and, therefore, the defendant's claim regarding the prenuptial agreement was moot.

[2] On September 22, 2009, the parties' dissolution judgment was domesticated in Connecticut, and thereby made enforceable under General Statutes § 46b-71.

[3] The court denied the plaintiff's request to have the defendant incarcerated.